[No. 976.]

## W. R. LEE ET AL., APPELLANTS, v. ANGUS McLEOD, RESPONDENT.

SUFFICIENCY OF EVIDENCE.—Rule as to weight and conflict of evidence enforced.

FINDINGS—IMMATERIAL ERRORS.—Upon a review of the special issues found by the jury: *Held*, that the errors relied upon by appellant were immaterial.

ESTOPPEL—INSTRUCTION MUST BE APPLICABLE TO THE CASE.—An instruction which left out the essential ingredients of an estoppel applicable to the facts of this case: *Held*, to be properly refused,

MISCONDUCT OF JUROR—WHEN NOT SUFFICIENT TO AUTHORIZE A NEW TRIAL.—The fact that a juror, during a recess of the court, had a conversation with plaintiffs' counsel upon some immaterial matters connected with the trial, and was, at times, during the trial, inattentive and indifferent to the presentation of plaintiffs' case, is not sufficient to authorize a new trial.

IDEM—WHEN OBJECTIONS MUST BE MADE.—If plaintiff thought that the acts of the juror were calculated to unduly influence the result of the trial, it was his duty to have called the attention of the court to such misconduct at the time. He should not be permitted to take the chances of a verdict in his favor and wait till after the verdict is rendered against him before making any objection.

MOTION—WHEN MUST NOT BE CONDITIONAL.—Where certain motions, offers, and requests were made by counsel to introduce the judgment roll in a former suit as a bar "upon condition that the court would, in advance, hold," before certain other evidence was withdrawn, "that the judgment and findings in the former suit was conclusive of the issues in this suit:" *Held*, that the motion and the offer were conditional; that the court was justified in refusing to give any opinion in advance, and for this reason it did not err in excluding the judgment in the former suit as evidence.

APPEAL from the District Court of the Third Judicial District, Esmeralda County.

The second instruction referred to in the opinion of the court reads as follows: "If the jury believe from the evidence that the defendant, McLeod, saw the plaintiffs while engaged in the construction of the mill, dam, and ditch, and was advised of their purposes, and saw plaintiffs expending large sums of money in such improvements; and if defendant permitted plaintiffs to make such improvements and expenditures without objection, and if defendant si-

lently acquiesced in the making of such improvements, or encouraged the plaintiffs to make such improvements or expenditures by offers of material or otherwise; then you are instructed that defendant is estopped to deny or interfere with plaintiffs' improvements and the use of the same in a reasonable manner."

*R. M. Clarke, T. W. W. Davies, and N. Soderberg,* for Appellants:

I. The court below erred in refusing to give to the jury plaintiffs' instruction No. 2. · It correctly and clearly states the doctrine of equitable estoppel as applicable to this case, and established by an unbroken line of authority. (*Duchess of Kingston's case,* 2 Smith's Leading Cases, 736, 737, 738.)

II. The judgment roll and findings in the former case of *McLeod* v. *Lee et al.,* were competent evidence to go to the jury upon the question of plaintiffs' right to construct, maintain, and operate the ditch and dam in question. (Freeman on Judgments, secs. 283, 284; *Marsh* v. *Pier,* 4 Rawle, 273; *Walker* v. *Chase,* 53 Maine, 258; *Sturtevant* v. *Randall,* 53 Id. 149; *Vallandingham* v. *Ryan,* 17 Ill. 25; *Rex* v. *Carlile,* 2 B. & Ad. 362; *Duchess of Kingston's case,* 2 Smith's Leading Cases, Hare & Wallace notes, 616, 736, 737, 738; *Sherman* v. *Dilley,* 3 Nev. 21; *Gray* v. *Dougherty,* 25 Cal. 266.)

*A. C. Ellis and M. A. Murphy,* for Respondent:

I. No subsequent declarations of a juror can be given to disturb his verdict. (1 Gra. & Wat. on New Trials, 127, 128.)

II. The second instruction was not applicable to the case at bar, and was properly refused.

III. Appellants had no right to rely upon the testimony and at the same time rely upon the doctrine of estoppel. They could not conditionally withdraw all testimony showing the right of plaintiffs to maintain the dam and ditch, if the court would only hold a former judgment not pleaded an estoppel. Estoppel by record must be pleaded. (*Davis* v. *Perley,* 30 Cal. 634; *Hanson* v. *Chiatovich,* 13 Nev. 398; *Sharon* v. *Minnock,* 6 Id. 386; *Ranson* v. *Stanberry,* 22 Ia.

335; *Phillips* v. *Van Schaick*, 37 Id. 236; *Wood* v. *Ostram*, 29 Ind. 185; *Lansing* v. *Montgomery*, 2 Johns. 383; *Howard* v. *Mitchell*, 14 Mass. 242; *Isaacs* v. *Clark*, 12 Vt. 693.)

IV. There is no distinction, on principle, between the effect or conclusiveness of a judgment, as to which a motion for new trial is pending and the case of an appeal, and it has always been so held by the courts. (Freeman on Judgments, sec. 251; 1 Greenl. on Evid., sec. 510; *Pitton* v. *Walter*, 1 Strange, 161; *Sherman* v. *Dilley*, 3 Nev. 27; *Shaffer* v. *Kreitzer*, 6 Binn. 432; *Ridgley* v. *Spencer*, 2 Id. 71; *Sanders* v. *Whiteside*, 10 Cal. 88; *Woodbury* v. *Bowman*, 13 Id. 634; *McGarrahan* v. *Maxwell*, 28 Id. 91; *Thornton* v. *Mahoney*, 24 Id. 583; *People* v. *Frisbie*, 26 Id. 135; Broom's Leg. Max., secs. 341, 342, 343.

By the Court, HAWLEY, J.:

This case came before this court on appeal from an order of the court granting a nonsuit, and was remanded for a new trial. (12 Nev. 281.)

The issues involved are the same as in *McLeod* v. *Lee et al.*, 14 Nev. 398. It is therefore unnecessary to repeat the history of the case.

1. It is urged that the evidence is insufficient to justify the verdict in favor of defendant. The evidence presented by this appeal is substantially the same as in the case of *McLeod* v. *Lee*. A re-examination of the testimony strengthens the conviction expressed in that case that the evidence is sufficient to sustain a verdict in favor of McLeod.

2. The jury, in answer to special issues, found that the plaintiff Lee did not erect his flouring mill, nor did he or the other plaintiffs construct the water ditch upon the faith of any permission given by the defendant McLeod for the diversion of the water; that the defendant McLeod never gave any permission to plaintiffs, before the flouring mill was erected and the ditch constructed, to divert the water of Walker river through said ditch; that after that time he gave permission to plaintiffs to erect a temporary dam eighteen inches high that would wash out when the freshets came, and if it did not wash out that it should be cut out or

removed if there was any danger of an overflow on defendant's land; that the accumulation of the sand in the ditch was caused solely by the dam, the cut dug by defendant having no appreciable influence in causing the deposit; that the plaintiffs were not deprived of any water, and had not sustained any loss or damage on account of the cut dug by the defendant.

In the light of these findings, supported as they are by the testimony, nearly all the questions of pretended error argued by appellants' counsel are immaterial.

If the damages were caused solely by the acts of the plaintiffs themselves in the erection of the dam, then they could not have been prejudiced by the action of the court in excluding the evidence of damages resulting to them since the filing of plaintiffs' complaint.

The question whether the court erred in excluding the new evidence offered by plaintiffs in rebuttal as to the height of the dam, is, under the findings of the jury, wholly immaterial. The court did not err in excluding the evidence tending to show that the defendant had purchased forty acres of land, situate within the inclosure of the Mills brothers, for the purpose of showing the animus of defendant in the construction of the cut. It was wholly immaterial what the animus of defendant was in digging the cut. Other reasons might be assigned to sustain the action of the court. But, in our opinion, these questions are not deserving of any further notice.

3. Plaintiffs' instruction number two was properly refused. It was calculated to mislead the jury. It left out the essential ingredients of an estoppel applicable to the facts of this case. It ignored the terms, if any, upon which the defendant, McLeod, consented, or acquiesced, in the erection of the dam, and, also, the question whether or not the plaintiffs had, on account of such consent or acquiescence, performed any labor or expended any money on the faith thereof. (*Lee* v. *McLeod*, 12 Nev. 284.)

4. The affidavit of T. W. W. Davies, one of plaintiffs' attorneys, stating that George Daly, one of the jurors, during a recess of the court, gratuitously participated in the

conversation of counsel with reference to matters connected with the trial, and familiarly spoke to said plaintiffs' attorney as to his efforts " to show a man's mind in 1876 by a deed made in 1877," and that the same juror " was, at times, inattentive and indifferent * * * during the respectful presentation of plaintiffs' case," and " occupied the attention of other jurors at the closing argument by plaintiffs' counsel by writing in a book and passing the same to other jurors," is not sufficient to authorize a new trial.

To deprive a party of a verdict which he may have honestly obtained after a tedious, protracted, and expensive litigation, merely because a juror may have, during the trial, improperly spoken to one of the attorneys of the opposite party about an irrelevant and immaterial matter that occurred in court, and was at times inattentive to the arguments of said attorney, it not affirmatively appearing that the losing party received any injury, or the winning party any benefit from the acts of the juror, would be in any case incompatible with the proper administration of justice, and under the facts of this case would be wholly unwarrantable.

The remarks of the juror, even if sneeringly made, and his subsequent indifference, do not indicate any improper bias upon the part of the juror against the plaintiffs, or in favor of the defendant in the action.

They were not caused or occasioned by any act of the defendant.

It is not shown what was written in the book by the juror. It may have been perfectly harmless. We can not, upon the facts alleged, presume that anything was written or shown to other jurors, that was prejudicial to either party.

It is true that in many cases it is as much the duty of a juror to listen as attentively to the arguments of counsel as to the testimony of witnesses in order to fully, fairly, and correctly understand the force of certain facts and their legal relation to each other as effecting the real issues involved in the case; but it does not necessarily follow that if a juror fails to pay such attention to the evidence or argument as the attorney thinks he ought to bestow, that such acts are prejudicial to the losing party. If counsel for

plaintiffs thought that the acts of the juror were improper and were calculated to unduly influence the result of the trial, it was his duty to have, then and there, called the attention of the court to such misconduct, in order that it might, at that time, have taken such action as would then have been proper under the circumstances. A party ought not to be permitted to take the chances of a verdict in his favor and wait till after the verdict is rendered against him before making any objection. If, with a full knowledge of all the facts, he proceeds with the trial and takes his chances, he ought, in justice and fair dealing, to submit to the consequences.

The authorities to be found upon this subject sustain the views we have expressed. (*Baxter* v. *The People*, 3 Gil. 368, 379; *Taylor* v. *California Stage Co.*, 6 Cal. 228; *McAllister* v. *Sibley*, 25 Maine, 487–8; *Martin* v. *Tidwell*, 36 Ga. 345; *Pettibone* v. *Phelps*, 13 Conn. 445; *People* v. *Morrissey*, 1 Buff. N. Y. Superior Court, cited in 9 U. S. Dig., new series, p. 561, par. 54.)

The alleged misconduct of the juror Jones is also devoid of merit. If it was known to the plaintiffs that he "was and for a long time had been at enmity with A. L. Greely, one of the plaintiffs' counsel" that fact ought to have been brought out upon the examination of the juror as to his competency, and the court could then have determined whether or not he had any such bias or prejudice as would influence his conduct as a juror. The fact that Jones, "after he was discharged as a juror, in a sarcastic and unfriendly tone, said: I wonder how Greely feels now," is no reason why a new trial should be granted.

5. On the second day of the trial of this cause, plaintiffs moved the court "to withdraw from the consideration of the jury the issue. * * * Whether the plaintiffs in this action had the right, as against the defendant Angus McLeod, to construct and maintain the dam and ditch in question," on the ground that in the suit of *McLeod* v. *Lee*, "the same subject-matter and embracing the same period of time, it had been determined by final judgment of this court, duly made and entered, and which has never been

set aside or reversed, that plaintiffs had the right to construct and maintain said dam and ditch,   *   *   *   and to limit the subject of inquiry and issue to be tried in this action to what damage, if any,   *   *   *   plaintiffs have suffered by the acts of the defendant."

The plaintiff then " offered in evidence the findings, additional findings, and judgment in the cause of *Angus McLeod* v. *W. R. Lee et al.,*   *.   *   *   and offered to prove that the parties to that suit were the parties to this suit, and that the dam and ditch mentioned in said findings was the same as those mentioned in the pleadings in this cause, and that the time referred to was the same in that action as in this."

After the close of the testimony plaintiffs asked leave of the court " to file a supplemental complaint and make proof of the same," to strike out so much of the testimony given at the trial as referred to the rights of plaintiff to construct said dam and ditch, and to withdraw that issue from the consideration of the jury

The bill of exceptions states that these motions, offers, and requests, were made " upon condition that the court would, in advance, hold, before the evidence was withdrawn, that the judgment and findings in the former suit was conclusive of the issues in this suit."

There was no absolute offer of the judgment roll in the former suit in evidence as a bar.   The offer was conditional, and the court was justified in refusing to give any opinion in advance as to what its rulings would be.   The action of the court, in excluding the judgment and findings in the former suit must be sustained upon this ground.

The judgment of the district court is affirmed.