# REPORTS OF CASES

DETERMINED IN THE

# SUPREME · COURT

OF THE

## STATE OF NEVADA.

## OCTOBER TERM, 1886.

[No. 1244.]

## THE STATE OF NEVADA, RESPONDENT, *v.* EDWARD CRUTCHLEY, APPELLANT.

CRIMINAL LAW—MISCONDUCT OF JURY—AFFIDAVIT OF JUROR INADMISSIBLE. —The affidavit of a juror is not, as a general rule, admissible to show misconduct on the part of another juror.

CHALLENGE TO JURORS FOR IMPLIED BIAS NOT SUBJECT TO REVIEW.—The action of the court in allowing a challenge for implied bias is not subject to review. *State* v. *Larkin,* 11 Nev. 325, affirmed.

APPEAL from the District Court of the Sixth Judicial District, White Pine County.

*W. C. Love,* for Appellant:

*W. H. Davenport,* Attorney General, for Respondent:

By the Court, LEONARD, J.:

Appellant was convicted of murder in the first degree. He appeals from an order denying his motion for a new trial, and from the judgment. The grounds of motion for new trial were misconduct of the jury, and error in law occurring at the trial, excepted to by defendant.

1. The court did not err in denying a new trial on the ground of misconduct of the jury, because there was no evidence of misconduct presented which the court had the right to consider. The only evidence offered was the affidavit of a trial juror, purporting to give a statement made by another juror, in the jury-room, after the jury had retired to consider their verdict. It is the general rule that such affidavits are not admissible to impeach the verdict. If there are exceptions to the rule stated, this is not one of them. (*Bishop* v. *State*, 9 Ga. 124; *O'Barr* v. *Alexander*, 37 Ga. 203; *State* v. *Tindall*, 10 Rich. 213; *Smith* v. *Culbertson*, 9 Rich. 110; *Allison* v. *People*, 45 Ill. 37; *Leighton* v. *Sargent*, 31 N. H. 119;[1] *Boyce* v. *California Stage Co.*, 25 Cal. 465; *Polhemus* v. *Heiman*, 50 Cal. 438; *People* v. *Gray*, 61 Cal. 164;[2] *Wright* v. *Illinois & Mississippi Tel. Co.*, 20 Iowa, 210; *Woodward* v. *Leavitt*, 107 Mass. 453;[3] *Cook* v. *Castner*, 9 Cush. 278; *Folsom* v. *Manchester*, 11 Cush. 337; *Dana* v. *Tucker*, 4 Johns. 488; *State* v. *Freeman*, 5 Conn. 348; *Meade* v. *Smith*, 16 Conn. 356.)

2. It is claimed that, in law, the court erred in allowing the state's challenge of a juror, August Steen, for implied bias. The ground of the challenge was, that in this case, where the evidence was purely circumstantial, the juror entertained such conscientious opinions as would preclude his finding the defendant guilty.

In *State* v. *Larkin*, 11 Nev. 325, it was decided that the action of the district court in *allowing* challenges for implied bias is not made the subject of an exception; and that, under the criminal practice act, the question whether the answers given by a juror challenged by the state for implied bias were of such a nature as to actually disqualify him from serving as juror, is not subject to review. And see *People* v. *Murphy*, 45 Cal. 143. It follows that the result of this appeal would have been the same if the court below had settled a bill of exceptions

---

1　59 Am. Dec. 358.　　2　44 Am. Rep. 549.　　3　9 Am. Rep. 49.

according to the facts, and this court had been of the opinion that the juror was not, in fact, disqualified. Such being the case, the refusal of the court to settle a bill of exceptions, if erroneous, as claimed by defendant, was harmless.

The judgment and order appealed from are affirmed, and the district judge is directed to fix a day for carrying its sentence into execution.