NICHOLAS PRIEST, Appellant, *v.* M. E. CAFFERATA, Respondent

No. 3137

August 17, 1936.                                 60 P. (2d) 220.

*H. R. Cooke,* for Appellant:

*E. F. Lunsford* and *H. W. Edwards*, for Respondent:

## OPINION

By the Court, COLEMAN, J.:

The appeal in this case is from an order denying plaintiff's motion for a new trial. The grounds of the motion were: Irregularity in the proceedings of the jury by which plaintiff was prevented from having a fair trial; misconduct of the jury; accident or surprise which ordinary prudence could not have guarded against.

The plaintiff filed affidavits to support his motion. The defendant made a motion to strike the affidavits from the files, for the reasons that they are incompetent, irrelevant, immaterial, and surplusage. For the reasons assigned, the court ordered all of the material portions (according to plaintiff's theory) of the affidavits in question stricken, except that of Ernest S. Brown.

N. L. Priest and Celia Priest filed joint affidavits relating to statements made by Herman Baker, one of the jurors in the case, as to statements made by H. L. Van Meter and Ida A. Douglas, other jurors in the case, during the trial thereof; that Mrs. Eva White, another juror, also made a statement to the effect that Bessie Greenfield did not reside at the place she testified to at the trial. A. Platz and Nicholas Priest filed a joint affidavit wherein they set forth that they knew W. D. Reeder, who served as a juror in this case; that said Reeder stated in their presence that while the jury was viewing the car involved in the accident he made certain tests for the purpose of determining the truthfulness of the testimony of the defendant. Affiant Priest further swore that on May 9, 1935, pursuant to court order, the jury in the case, accompanied by counsel for respective parties, viewed defendant's automobile which was involved in the accident in question, while standing across the street in front of the courthouse; that he, affiant, was near by at the time the jury made said

view, and he saw and observed the said juror Reeder make the test described in the joint affidavit of Platz and affiant, and that he also saw the juror Lillian Barnes make a similar test, but that he is not advised as to the conclusions reached, if any, as a result of such tests.

■ Scarcely any rule of law is more thoroughly entrenched in the jurisprudence of this country than the general one that a juror will not be heard to impeach his own verdict. This rule is founded upon well-recognized grounds of public policy. Sustaining the rule in this state are: State v. Stewart, 9 Nev. 120; State v. Crutchley, 19 Nev. 368, 12 P. 113; Southern Nev. G. & S. M. Co. v. Holmes M. Co., 27 Nev. 107, 73 P. 759, 103 Am. St. Rep. 759.

To those of an inquiring mind, we refer to the long list of authorities sustaining the rule, cited to note to Bartlett v. Patton, 5 L. R. A. 523; 27 R. C. L. p. 896; 46 C. J. p. 354.

■ Appellant seeks to evade this rule by having third parties make affidavits as to what certain jurors told them after the trial had been concluded and a verdict rendered. This cannot be done. Such sworn statements are mere hearsay and entitled to no consideration. Cain Bros. Co. v. Wallace, 46 Kan. 138, 26 P. 445; Peterson v. Skjelver, 43 Neb. 663, 62 N. W. 43; Richards v. Richards, 20 Colo. 303, 38 P. 323; Wagoner v. Caskey, 85 Okl. 168, 205 P. 137; Maryland Casualty Co. v. Seattle Elec. Co., 75 Wash. 430, 134 P. 1097.

The court did not err in striking so much of the affidavits mentioned as purported to set forth statements of certain jurors as to what other jurors said in the presence of the jury.

■ The next question is: Did the court err in holding that plaintiff was not entitled to a new trial because of the fact that two of the jurors made certain tests while defendant's automobile was across the street in front of the courthouse? We think not. By not objecting to this misconduct, if it be such, which we do not

determine, promptly upon the return of the jury to the courtroom, plaintiff waived the point. Lee v. McLeod, 15 Nev. 158; 12 Ency. Pl. & Pr. p. 553.

■ It is also contended that the trial court erred in denying a new trial because of matters set up in the affidavit of Ernest S. Brown. It is doubtful if the plaintiff's notice of motion for a new trial was sufficiently broad to entitle him to urge this point; however, since the trial court disposed of the contention, we will do so, and we know no better way of doing it than to adopt the opinion of the trial court on this point, where it said:

"This affidavit shows that a brother of the juror was killed within six months of the time of the juror's service upon this jury by being run over by an automobile driven by another; that the juror was very bitter in that the driver of the injuring automobile was not punished or held to pay damages for the killing of his brother.

"The voir dire examination of this juror does not show any fraud, perjury or contempt so bitterly denounced by Justice Cardozo in the case of Clark v. United States, 289 U. S. 1, 53 S. Ct. 465, 77 L. Ed. 993.

"He testified that at no time in recent years, had he had an experience that had caused him to form some kind of an opinion as to the rights of parties in automobile cases involving personal injuries like the case at bar. His answers may have been strictly true as he viewed the situation and understood the questions, and surely nothing in his voir dire examination in the light of subsequent actions would be sufficient to hold him guilty of fraud, perjury or contempt of court. The affidavit of District Attorney Brown, given its fullest effect shows, if anything in this case, a decided aversion by the juror to and a desire to punish by way of damages and imprisonment, one to blame in automobile cases. Had the defendant in this case been the losing party, he could have urged the feeling of this juror much more effectively than can the prevailing plaintiff.

There is nothing to show but that this trial did change the viewpoint of this juror and he became convinced by the evidence and the instructions of the court that defendants in this type of cases are not always to blame. All his alleged actions and complaints about his brother's case were prior to the ending of this present case, and there is no evidence competent for the court to consider that he took any feeling as to his brother's death into his duties as a juror in this case at bar."

For the reasons given, the order appealed from is affirmed.