ROBERT BORDEN WILSON, Appellant, *v.* HARRY
FRANKLIN PERKINS and GRACE PERKINS,
His Wife, Respondents.

No. 4933

January 26, 1966    409 P.2d 976

*Alex. A. Garroway,* of Reno, for Appellant.

*Springer & Newton,* of Reno, for Respondents.

## OPINION

By the Court, ZENOFF, D. J.:

On July 29, 1963, shortly before 7:00 p.m., the parties to this action were involved in a collision between their respective automobiles at the intersection of B Street and Stanford Way, the centerline of which is an eastern border of the City of Sparks.

Appellant Wilson was driving his station wagon north-wardly on Stanford Way, a two lane road which is con-trolled by a stop sign at the intersection of B Street. Respondent Perkins was driving his blue Ford in an easterly direction on B Street, a four lane thoroughfare. His wife was a passenger in the car.

Both Mr. and Mrs. Perkins were injured in the acci-dent and taken to the hospital by ambulance from the scene. Mr. Perkins was treated and released; Mrs. Per-kins, injured more seriously and requiring surgery, remained in the hospital more than two weeks.

The Perkins' complaint alleged negligence of the defendant Wilson in not stopping at the stop sign and yielding the right of way to plaintiffs. Wilson's answer denied negligence and alleged contributory negligence on the part of Perkins as an affirmative defense, and his proof sought to establish excessive speed and failure of lookout.

The jury in the court below returned a verdict in favor of Mr. Perkins for $506.19 and for Mrs. Perkins for $62,000. Special findings were made by the jury as fol-lows:

1. Was the plaintiff, Harry Perkins, negligent?

Answer: Yes.

2. If your answer is "Yes," did that negligence proximately contribute in causing the injury?

Answer: No.

It is from that judgment that appellant seeks relief here.

1. As one ground of error he assigns the refusal of the trial court to grant motions for a directed verdict, judgment notwithstanding the verdict, and for a new trial. These motions were based on his contention that no evidence was established to justify the jury making any finding but for the defendant, and that the trial judge should have so ruled as a matter of law.

The record, however, does not support his contention. As compelling an argument as appellant makes otherwise, it remained the function of the jury to resolve the disputes in the testimony of the several witnesses despite appellant's utter disagreement with those findings. Smith v. I.O.O.F.B.A., 46 Nev. 48, 205 P. 796 (1922); Musser v. L.A. & S.L.R. Co., 53 Nev. 304, 299 P. 1020 (1931). The trial judge reviewed the testimony and evidence and refused to grant these motions. We agree with the trial court that no cause appears in the record for removing the case from the jury.

Since we uphold the jury's determination that there was no contributory negligence that proximately led to the accident, we need not decide appellant's second specification of error concerning imputation of negligence to the wife as an owner of the vehicle under NRS 41.440.

2. The trial court refused to allow an eyewitness to answer the following questions:

"* * * if the blue car had been travelling at 25 miles per hour would there have been a collision?

"* * * would it have been possible for the driver of the blue car to operate his automobile so that it would pass behind the station wagon after the station wagon had crossed over part of the highway?"

The court properly refused to allow the witness to answer the questions. In Mikulich v. Carner, 69 Nev. 50, 240 P.2d 873 (1952), this court stated, "The ultimate issue, that of negligence, must be determined by the jury from the testimony detailing facts and circumstances connected with the accident, and not from the opinion or conclusion of the declarant."

There is little distinction between nonexpert testimony as to the cause of an accident, as in Mikulich, and the same testimony as to how the accident might have been avoided. In both, the facts could have been so fully and sufficiently described that the jury could form an intelligent opinion as well as the witness.

3. The assignment of error that the jury disregarded the instructions of the court is not so reflected by the record.

4. Appellant also contends that the jurors reached a quotient damage verdict and that the trial court improperly struck the affidavit of one juror alleging misconduct.

The trial court was correct in holding the affidavit of the juror inadmissible to impeach the jury's verdict. Kaltenborn v. Bakerink, 80 Nev. 16, 388 P.2d 572 (1964).

5. Finally, it is urged that the award to Mrs. Perkins of $62,000 is excessive.

The recent case of Miller v. Schnitzer, 78 Nev. 301, 371 P.2d 824 (1962), states the law of Nevada regarding this Court's function in reviewing damages awarded by a jury.

We conclude, then, that there is no evidence in the record to show that the damages in the instant case were the result of passion or prejudice and our judicial conscience is not shocked at the award. Viewing the record in the light most favorable to the plaintiff, we find substantial evidence tending to prove actual, painful, and permanent injuries. The damages were not excessive.

6. We affirm the judgment below as to liability and the total damage award but remand with direction that

the award of damages be redistributed in accordance with NRS 41.170.[1]

Under that statute, a sum awarded for hospital and medical expenses of a wife are to be awarded to the husband when both husband and wife are plaintiffs in the action. While this issue was not raised on appeal, we feel that we must enforce compliance with NRS 41.170. Meagher v. Garvin, 80 Nev. 211, 391 P.2d 507 (1964).

Plaintiffs' Exhibit HH in the record reveals that defendant admitted the sum of $1,714.54 to be reasonable and proper hospital and medical expenses of plaintiff Grace Perkins. Therefore, we order redistribution as follows: to the plaintiff Grace Perkins the total sum of $60,285.46 general damages and to the plaintiff Harry Franklin Perkins the total sum of $2,220.73, which includes $1,714.54 for his wife's medical and hospital expenses.

Affirmed as modified.

THOMPSON and BADT, JJ., concur.

---

[1]"In cases where a wife sustains personal injuries by reason of the negligence of another, suit may be brought by the husband and wife jointly or separately at their option. When brought jointly, damages shall be segregated and those damages assessed by reason of personal injuries and pain and suffering shall be awarded to and belong to the wife, and damages assessed for loss of services and for hospital and medical expenses and other care shall be awarded to the husband. In cases where the wife sues separately, all damages sustained by the wife shall be awarded to and belong to the wife." NRS 41.170.