Charles DAWSON et al., Appellants,

v.

Marion E. BUTTS et al., Respondents.

No. 53732.

Supreme Court of Missouri, Division No. 2.

Dec. 9, 1968.

Donald L. Mason, Kansas City, for appellants.

Reed O. Gentry, Rogers, Field & Gentry, Kansas City, for respondents.

BARRETT, Commissioner.

Charles Dawson, while riding a motorcycle was struck and injured by an automobile driven by Marion E. Butts, an employee of Pureweld Industrial Products, as, allegedly, Butts negligently "made a U-turn" on Truman Road. In this action in two counts Dawson and his wife sought $80,000.00 damages for his injuries and her losses. At the end of a jury trial there was a unanimous verdict for the defendants and the plaintiffs have appealed.

The sole question briefed and argued by the plaintiff-appellants is that the trial court abused its discretion in overruling their motion for a new trial based on the assignment of misconduct on the part of a juror. Specifically the claim is that Juror Wehmeir "intentionally withheld and wilfully failed to disclose information" on voir dire and that therefore this court should grant plaintiffs a new trial. The appellants rely upon the general rules and the instances in which new trials have been granted, sometimes in this court, and it is not necessary to again repeat the rules, point out the various controlling factors or to analyze the cited cases, indicative of the principles are the following: Piehler v. Kansas City Public Service Co., 357 Mo. 866, 211 S.W.2d 459; Dalton v. Kansas City Transit Co., Mo., 392 S.W.2d 225; Brady v. Black and White Cab Co., Mo.App., 357 S.W.2d 720; Sadlon v. Richardson, Mo.App., 382 S.W.2d 9; Beggs v. Universal C. I. T. Credit Corp., Mo., 387 S.W.2d 499. The principle is and of course should be the same regardless of whether the losing and complaining party is plaintiff or defendant. Nevertheless, the cited cases are all instances in which there were verdicts for plaintiffs and defendants appealed claiming that by reason of misconduct on the part of a juror in not revealing cases or claims their right to an impartial, qualified jury panel had been infringed and consequently that there had been an abuse of discretion in not granting new trials. There have been no cases in Missouri and few elsewhere in which unsuccessful plaintiffs have claimed juror misconduct in concealing suits or claims and therefore an abuse of discretion in not awarding new trials. As indicated, however, the principle applies equally to all parties and the question here is whether upon this record it is manifest that plaintiffs were prejudiced (Annotation 38 A.L.R.2d 624, 626), by Juror Wehmeir's conduct in not revealing the fact of his and his wife's prior experience with suits or claims.

On voir dire there were no questions by plaintiffs' counsel as to prior suits or claims and there were no such questions by either party's counsel when individual jurors were specifically identified as to families, residence and occupation. The only questions on these subjects were by defendants' counsel who after some time in identifying the type of suit involved made the inquiry: "Because of that, I would like to ask is there any member of the panel who has ever had a claim or a lawsuit, either one, for personal injuries sustained, not through motorcycles necessarily but through any reason at all, any

claim or lawsuit for personal injuries sustained, and I will start at the top because I do see two hands." One juror responded that he had been involved in an automobile accident and as a result tried a case in which he received a verdict but said as to whether he succeeded, "It is hard to evaluate." Another juror had been a defendant in 1951 in an automobile collision case and there was a verdict for the plaintiff, the cause was appealed and then settled. Two other jurors reported collisions in which suits and claims had been made against them and settled. Then defense counsel stated that he would like to broaden his inquiry and he propounded the question: "I would like to ask the same questions about claims but include claims brought by, or lawsuits, by a close member of your family." Two jurors responded that their wives had made claims, one for minor injuries, that had been settled.

Throughout the voir dire and trial Juror Wehmeir remained silent. On motion for new trial he testified that he remembered the questions being asked and the responses of other jurors but he did not respond. The fact was that in 1960 as the result of an automobile collision in Pettis County a suit was filed on behalf of Wehmeir and his wife. The case was dismissed by stipulation after a settlement for $750.00 from which Mr. Wehmeir and his wife received $496.50. Neither Wehmeir nor his wife had appeared in court in connection with the case. Before the settlement was reached a counterclaim for property damage only was filed but nothing was paid on that account. Wehmeir said that when the questions and responses were made on voir dire he had in mind and remembered his own experience but he said, "Yes, but I thought it meant at the time and in Court, like now. * * * Yes, because I thought it wasn't in Court, but it was settled out of Court and that is the reason I didn't say. That is the reason. I thought that was the way it was supposed to be."

While it is immaterial who propounded the questions it will be noted that they were all directed to claims and suits for damages rather than as defendants although some of the jurors had been defendants and in Wehmeir's case there had been a counterclaim. In any event appellants point to the fact of Wehmeir's claim and counterclaim and his failure to respond and insist that without doubt he was "guilty of intentional concealment" and that therefore the trial court abused its discretion in not granting a new trial.

While the juror may have given "a double tongued explanation" for not answering (Sadlon v. Richardson, 382 S.W.2d l. c. 12) and even though the intentional concealment of a material fact may be "strong evidence of bias and prejudice" affecting a juror's conduct and qualifications (Brady v. Black and White Cab Company, 357 S.W.2d l. c. 726) it does not follow that in the particular circumstances of this case it may be confidently said that the trial court so abused its discretion in passing on the motion for new trial that this court should intervene. Questions, answers and circumstances cogently demonstrating possible prejudice against plaintiffs are contained in Drury v. Franke, 247 Ky. 758, 57 S.W.2d 969, 88 A.L.R. 917. There the pointed question to the jury panel was "Have any of you ever been in any way involved in an automobile collision, *or is there now pending either by or against you, any litigation* growing out of an automobile collision?" (Emphasis supplied.) One of the jurors did not respond and it turned out that he had been recently involved in an automobile collision and at the time of trial "a claim was pending against him." In these circumstances the court observed that the attitude of this juror in the jury room could not be known but the court said, "(i)f it were antagonistic * * * we cannot speculate as to what effect it had on the verdicts that were returned. Although Howard did not agree to or sign the verdict, his attitude may have influenced the jurors who made the verdicts to fix the damages at small amounts," the plaintiffs complaining of inadequate awards. (57 S.W.2d l. c. 984).

To be contrasted and compared with the Kentucky case is Priest v. Cafferata, 57 Nev. 153, 60 P.2d 220. There a losing plaintiff appealed from an order denying his motion for a new trial claiming an abuse of discretion because it was discovered that a nonresponding juror's brother had been "killed within six months of the time of the juror's service upon this jury by being run over by an automobile driven by another; that the juror was very bitter in that the driver of the injuring automobile was not punished or held to pay damages for the killing of his brother." In these circumstances the Nevada court observed: "The affidavit * * * given its fullest effect shows, if anything in this case, a decided aversion by the juror to and a desire to punish by way of damages and imprisonment, one to blame in automobile cases. Had the defendant in this case been the losing party, he could have urged the feeling of this juror much more effectively than can the prevailing (sic) plaintiff. There is nothing to show but that this trial did change the viewpoint of this juror and he became convinced by the evidence and the instructions of the court that defendants in this type of cases are not always to blame." Again, it should be emphasized, it is not necessarily the fact that plaintiffs rather than the defendants were the losing parties, it is the fact that upon this record it is not manifest that the plaintiffs were so prejudiced that this court can confidently say that there was an abuse of discretion. Derr v. St. Louis Public Service Co., Mo.App., 399 S.W.2d 241. "Where the juror's answers, and the facts subsequently developed, indicated that, if prejudiced at all, he would probably have favored the objecting party, a new trial has been denied." 38 A.L.R.2d l. c. 635.

For the reasons indicated the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

FINCH, P. J., and DONNELLY, EAGER and HOLMAN, JJ., concur.