DAVID J. WALKOWSKI, APPELLANT, v. CURTIS A. McNALLY, RESPONDENT.

No. 6453

September 28, 1971          488 P.2d 1164

*Vargas, Bartlett & Dixon,* of Reno, for Appellant.

*Gordon W. Rice,* of Reno, for Respondent.

## OPINION

By the Court, BATJER, J.:

The only question raised by this appeal is whether the trial court abused its discretion in granting a new trial to the plaintiff below.

The respondent, Curtis A. McNally, a passenger, was injured in a single car accident in which the appellant, David J. Walkowski, was the driver. McNally sued Walkowski for damages. The case was tried before a jury and a 9–3 verdict was returned for Walkowski.

One of the jurors telephoned McNally's counsel shortly after the trial and complained of the manner in which the jury had reached its verdict. Counsel secured the juror's affidavit and offered it, together with four other almost identical affidavits, in support of a motion for a new trial. The trial judge refused to receive the affidavits on the ground that a juror's statement may not be received to impeach the jury's verdict, and he denied McNally's motion for a new trial. Vaise v. Delaval, 1 Term.Rep. 11 (K.B. 1785); Wilson v. Perkins, 82 Nev. 42, 409 P.2d 976 (1966); Kaltenborn v. Bakerink, 80 Nev. 16, 388 P.2d 572 (1964); Close v. Flanary, 77 Nev. 87, 360 P.2d 259 (1961); Pinana v. State, 76 Nev. 274, 352 P.2d 824 (1960); State v. Lewis, 59 Nev. 262, 91 P.2d 820 (1939); Priest v. Cafferata, 57 Nev. 153, 60 P.2d 220 (1936); So.

Nev. M. Co. v. Holmes Co., 27 Nev. 107, 73 P. 759 (1903); State v. Crutchley, 19 Nev. 368, 12 P. 113 (1886); State v. Stewart, 9 Nev. 120 (1874).

McNally appealed and contended that certain jurors were not truthful when examined on voir dire, that they intentionally concealed their bias and prejudice, and that as a result he was denied his constitutional right to a fair trial. In McNally v. Walkowski, 85 Nev. 696, 462 P.2d 1016 (1969), we held that when it is claimed that a juror has answered falsely on voir dire about a matter of potential bias or prejudice, affidavits of other jurors revealing such improper conduct may be received to impeach their verdict. In that case, at 701, we said: "In the final analysis, the determination of what result should follow the failure of a juror to answer fully a question touching upon his qualification turns upon whether or not he was guilty of an intentional concealment. The determination of that question must be left with the sound discretion of the trial court. . . . We conclude, therefore, that the jurors' affidavits were admissible for the limited purpose of showing concealment of actual bias by several of the jurors on their voir dire examination. We are merely relaxing Lord Mansfield's rule so that the district judge may receive and consider the jurors' affidavits."

The judge of the district court, upon remand, not only received and considered the jurors' affidavits, but allowed McNally to file a renewed motion for a new trial, and conducted an extensive hearing into the conduct of the jurors during deliberations.

Although our remand to the trial court appeared to limit the scope of its inquiry to receiving and considering the affidavits of the five jurors, that court had a duty to determine the veracity of those affidavits. Furthermore, by conducting a hearing to test the reliability of the affidavits it also afforded the accused jurors an opportunity to be heard. See State of Nevada v. St. Clair, 16 Nev. 207 (1881).

However, the hearing revealed matters not covered in the affidavits, nor at the voir dire examination. Upon remand, in determining whether any juror had, upon voir dire, intentionally concealed a matter of potential bias or prejudice, the trial judge was limited to considering the facts set forth in the jurors' affidavits as those facts were verified at the hearing. All other matters, whether found in the affidavits or developed at the post trial examination, should have been disregarded by the

trial judge and will be disregarded by this court in our consideration of this case.

In determining whether the trial judge abused his discretion we must examine the jurors' affidavits as they were verified by the post trial examination and decide whether they reveal that any juror on voir dire intentionally concealed his bias and prejudice. We believe that they show such intentional concealment.

The record reveals that on the date of the accident the parties were returning from a visit to a house of ill fame. The jurors were asked by counsel on voir dire: "Now I believe there will also be evidence that these young men were coming back from a house of ill repute at Wadsworth. Is there anything, if this evidence comes before you, which might prejudice you one way or the other for or against Mr. McNally or Mr. Walkowski? [There was no response from any juror.]

"You feel, then, that you can take this evidence and weigh it, along with all the rest, and just the fact that they were coming back from a house of prostitution, that this would not influence you in your deliberations, except as it is related to you by the court's instructions? [Again no response from any juror.]

"I think those are all my instructions that I have at this time, your Honor. Thank you very much."

The jurors' affidavits tendered by McNally all asserted: "Our deliberations had barely commenced when several jurors said they believed plaintiff [McNally] was wrong in showing defendant [Walkowski] the way to the Wadsworth house of ill fame; and that he should therefore not be permitted to recover." One of the affidavits named two of the jurors stating such belief. The failure to respond to the questions on voir dire indicated that none of the jurors harbored a prejudice against McNally for showing Walkowski the way to the house of ill fame. Yet, the affidavits tendered by McNally all asserted an avowed prejudice against him for that reason by several jurors.

The remainder of the material found in the affidavits had no relevancy to voir dire questioning. The statements in the affidavits, together with the verifying testimony developed at the post trial hearing, reveal an intentional concealment on the part of the offending jurors of sufficient magnitude to support the trial court's decision to grant a new trial.

Although the decision of the trial judge indicated that material in the affidavits and the testimony at the post trial hearing

concerning matters not covered on voir dire may have influenced him, to some degree, in granting a new trial, the relevant material in the affidavits as verified upon examination support his order. The granting of a new trial was not an abuse of discretion.

The order of the district court is affirmed.

ZENOFF, C. J., MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.