LEO APPLEBY *vs.* PAUL WALLINS & another.[1]

Middlesex.   February 5, 1957. — May 7, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, &
WHITTEMORE, JJ.

*Corporation,* Corporate entity.  *Practice, Civil,* Verdict;  New trial;
Exceptions: saving of exception.

Two defendants in an action who did not raise at the trial the point that
either of them but not both could be found liable and did not take an
exception on the ground of inconsistency of verdicts when verdicts
for the plaintiff against both were returned could not as of right seek
a new trial on that ground.  [37]

There was a sufficient exception to certain instructions to the jury in an
action to present the propriety thereof to this court where at the con-
clusion of such instructions the judge said to counsel for one of the
parties, "You may have an exception to that," and counsel did not
himself take an exception.  [38]

In an action against a corporation and an individual who was an officer
thereof, there was reversible error in instructions to the jury in effect
permitting disregard of the corporate entity as fictitious and holding
the individual defendant liable merely because the corporation was
formed and "used" to protect individuals from personal liability.
[38]

CONTRACT.   Writ in the Superior Court dated July 11,
1952.

The action was tried before *Sullivan,* J.

*Benjamin Goldman,* (*Arnold E. Kahn* with him,) for the
defendants.

*Louis L. Bobrick,* for the plaintiff.

COUNIHAN, J.   In this action of contract the declaration
is in two counts in each of which the plaintiff seeks to recover
certain sums of money allegedly due him from both defend-
ants.   The first count is for commissions on the sales and
rentals of X-ray machines and X-ray supplies and the second
count is for services in the preparation of drawings and

[1] Atlantic X-Ray Company, Inc.

specifications for X-ray equipment to be installed in the Brusch Medical Center in Cambridge. The defendants pleaded a general denial, the statute of frauds, a condition precedent to recovery, lack of consideration, and waiver. The jury returned verdicts for the plaintiff against both defendants on both counts. The action comes here upon exceptions of the defendants to the denial of a motion for a new trial and to portions of the judge's charge. We are of opinion that there was error in the charge of the judge.

· The evidence may be summarized as follows: In 1950 the plaintiff was the treasurer and prime force in a corporation called the Boston Medical Supply Company, all of the assets of which in 1952 were sold to another corporation. The defendant Wallins was the president and treasurer of the Atlantic X-Ray Company, Inc., the other defendant. The plaintiff and the Boston Medical Supply Company did business with both defendants at different times. At other times the plaintiff as an individual did business with either or both defendants. On the occasion of the transactions in question he was acting individually in his own behalf. There was evidence from the defendants that both of the transactions in dispute were between the Boston Medical Supply Company and the corporate defendant acting through Wallins.

Sometime in 1950 the plaintiff talked with Wallins relative to the sales and rentals of X-ray machines, X-ray plates and supplies to physicians. Wallins agreed to pay the plaintiff personally a commission on sales and rentals of machines and on the sale of plates and supplies. There is nothing in the record to indicate exactly the number of machines sold or rented or the amount of plates and supplies sold. Nothing was ever paid the plaintiff.

Shortly after this transaction the plaintiff individually entered into an oral agreement with the defendants (the corporate defendant acting through Wallins) whereby the plaintiff agreed to furnish and did furnish the defendants with certain drawings and specifications for X-ray equipment to be installed in the Brusch Medical Center for which

the defendants were to pay him a commission of ten per cent of the price of all such equipment which the defendants sold the Center. The defendants sold such equipment to the Center and were paid therefor $19,632.34. The defendants never paid the plaintiff the agreed commission.

The record discloses no reliance at the trial upon any of the defences set up in the answer of the defendants except that of general denial. Before us the defendants relied upon their exceptions to the denial of their motion for a new trial and upon their exceptions to the judge's charge.

There was no error in the denial of the motion for a new trial. This motion was primarily based upon inconsistencies in the verdicts against both defendants on both counts. They argue that either of the defendants could have been found liable but not both. We assume without deciding that their contention may be correct but the time to have raised that question was when the verdicts were returned. They might also have raised it by suitable requests for instructions or by a motion that the plaintiff make an election against which defendant he wanted to proceed. Failure to take exceptions at the proper time did not give the defendants the right as matter of law to raise the point on motions for a new trial. *Phillips* v. *Larson*, 323 Mass. 87, 91, and cases cited.

We are, however, of opinion that there was reversible error in the judge's charge. He originally told the jury that "There is nothing illegal or wrong about a corporation, providing it is done legally and the acts are construed legally. The only disadvantage is where men incorporate for the purpose of evading personal responsibility. Then it becomes a question for the jury to determine whether it is a real corporation or a fictitious one and what was its purpose." When the judge's attention was directed to these statements by counsel for the defendants in a request for an exception the judge said he would clarify them. He then told the jury, "In order to clarify any statement that I made, I said something in so far as corporations are concerned; that there is nothing illegal about incorporating. It is perfectly proper

for an individual to incorporate and use his sister or wife or brother to incorporate. That is all right. There has been talk about corporations and the liability of corporations, and I said, and I will reiterate for the purpose of emphasis, that, if a corporation isn't used for the purpose of shielding personal liability, it is perfectly proper. If on the other hand, the incorporation is done for the purpose of protecting and shifting liability, it's improper," and to the attorney for the defendants he said, "You may have an exception to that." Although the defendants took no formal exception to this part of the charge, they had earlier taken an exception to similar language in the charge. In any event we think that the voluntary exception allowed by the judge excused the defendants from taking other exceptions so that the action is properly here.

There can be no doubt that "The original purpose of laws permitting the formation of corporations was to enable stockholders to put at the risk of the business capital reasonably adequate for its needs, and thereby keep free from that risk their uninvested assets and their personal responsibility." *Hanson* v. *Bradley,* 298 Mass. 371, 380. See *Berry* v. *Old South Engraving Co.* 283 Mass. 441, 451; *Albert Richards Co. Inc.* v. *Mayfair, Inc.* 287 Mass. 280, 288.

"The right and the duty of courts to look beyond the corporate forms are exercised only for the defeat of fraud or wrong, or the remedying of injustice." *Hanson* v. *Bradley, supra,* at page 381. In the case at bar there was no suggestion by any of the parties of any fraud, wrong or injustice in the organization of the corporation.

In effect the jury were instructed that the corporate entity should be disregarded if it was formed to shield individuals from personal liability. It might well have led the jury to conclude that the corporate defendant was fictitious and thus fasten liability upon the individual defendant.

*Exceptions sustained.*