*Northern District*

No. 5207

**STOKES FOOD SERVICE, INC.**

v.

**JAMES VELLIS, d-b-a**

(September 16, 1958)

*Present*: Gadsby, P. J., Brooks and Kelleher, JJ.

Case tried to DUGGAN, SP. J., in the District Court of Southern Essex. No. 1844 of 1957.

*Gadsby, P. J.* This is an action of contract to recover for goods sold and delivered. The answer is a general denial and that the plaintiff conducted business with an existing corporation represented by the defendant as its agent and that the plaintiff had knowledge of the corporation's existence and accepted payment with the corporation checks.

At the close of the evidence and before final argument, the defendant filed a motion for directed finding, as follows:

"The defendant moves that on all the evidence and on the law involved the Court make a finding in his favor."

This motion was denied by the court. The defendant's *exceptions* were noted by the Court.

The defendant then requested the court to rule as follows:

1. The right and the duty of the courts to look beyond the corporate forms are exercised only for the defeat of fraud or wrong, or the remedying of injustice. *Hanson v.*

*Bradley,* 298 Mass. 371, 380.

2. There was no evidence of any fraud, wrong or injustice in the organization of the corporation. *Appleby v. Wallins,* 142 NE 2d 339.

3. Adequate notice of the existence of a corporation has been given the plaintiff, since it is evident that in the course of dealings had by the plaintiff with the defendant, acting in his capacity as an agent of the corporation, the plaintiff received payment for merchandise with corporate checks. *Budget Plan v. Savoy,* 145 NE 2d, 710.

4. If the plaintiff accepted checks from Vellis Co., Inc., in payment for merchandise, it is charged with notice that it was doing business with a corporation and not with the defendant, James Vellis, as an individual.

5. There is no evidence that the defendant used Vellis Co., Inc., for the purpose of misleading the plaintiff.

6. There is no evidence that the plaintiff was misled into believing he was doing business with the defendant as an individual.

7. There is no evidence that the plaintiff did business with the defendant as an individual.

8. Failure of the corporation to file a business certificate with the city clerk does not make defendant personally liable. *Crompton v. Williams,* 216 Mass. 184, 187.

The Court allowed requests 1, 2 in part, and 8, and denied requests numbered 3, 4, 5, 6, and 7, and found for the plaintiff, and filed the following "Memorandum of Decision".

## MEMORANDUM OF DECISION

This is an action to recover the sum of $601.43.

At the close of the evidence the defendant filed a motion for a directed verdict which was denied in open court. The exceptions of one of the attorneys for the defendant were

noted and saved by me but no claim for a report was made at the time.

The evidence of the plaintiff's salesman tended to show that he called upon the defendant in the spring of 1954 to sell him some merchandise, namely, coffee, and at that time his place of business was known as the Carroll Cafeteria. The plaintiff's salesman talked with the defendant and received an order for coffee and upon the salesman asking to whom he would make out the order was told to the Carroll Cafeteria and that time did the defendant say that he owned the business. The salesman received orders from the defendant and some times from a girl employee. The defendant paid the plaintiff by check up until the time that he ceased to do business on February 20, 1956.

The Carroll Cafeteria never recorded the name of the true owners at the City Hall in Lynn.

There was also evidence from Mr. Stokes, the treasurer of the plaintiff that he billed them every month and that it was a slow account and that his concern was extending credit to the defendant and looked to him for payment. Payment was made by checks of which there were a number of exhibits on checks with the corporation name of Vellis Company, Inc., signed by the defendant as president. Plaintiff Stokes, also, testified that he talked with the defendant about payment of the balance and he was told that the defendant would pay but he was pressed for money on account of taxes. He also, stated he

would pay the plaintiff just as soon as he got his head out of the water.

The defendant, James Vellis, introduced a charter granted to Vellis Company, Inc., of which the defendant was the president, categorically denied the plaintiff's testimony but did admit that the plaintiff came to see him.

Upon all the credible evidence I find as a fact that the plaintiff did business with the defendant individually. I find as a fact that he never billed the Vellis Company, Inc. I find as a fact that the checks received by the plaintiff were credited at the direction of the defendant to the Carroll Cafeteria. I find as a fact that Vellis did business with the salesman and with the plaintiff individually and not as member of the corporation. I also find as a fact that the defendant never made a disclosure of the Vellis Company, Inc., to the plaintiff.

Therefore upon all the evidence I find it would be a rank injustice to sustain the contention of the defendant and that judgment may be entered for the plaintiff in the sum of $601.43 with interest and costs.

/s/ Henry F. Duggan
Justice

The report states that it contains all the evidence material to the questions reported. The defendant claims to be aggrieved by the action taken by the Court in the refusal to grant his request numbered 2, in part, requests numbered 3, 4, 5, 6, and 7. The finding of fact by the Court, that the plaintiff did

business with the defendant individually, renders the denial of the above requests immaterial as they become inconsistent with the facts found.

█ The findings of fact of a trial judge are final. Requests for rulings of fact are not reviewable by the Appellate Division. *Castano v. Leone,* 278 Mass. 429; *Gosselin v. Silver,* 301 Mass. 481, 482.

█ The simple issue involved was whether or not the plaintiff did business with the defendant individually or with the corporation. The determination by the Court that the plaintiff did business with the defendant individually is a finding of fact which is final. Such finding disposes of the contentions of the defendant as raised by his requests.

Therefore, there being no prejudicial error committed by the trial judge in his denial of request numbered 2, in part, requests numbered 3, 4, 5, 6, and 7, the report is hereby ordered dismissed.

Nicholas Curuby, of Lynn, for the defendant.

Charles J. Austin, of Boston, for the plaintiff.