MILBERN PATTON, AS GUARDIAN AD LITEM OF GLEN EDWARD BREHM, AND MILBERN PATTON, INDIVIDUALLY, APPELLANTS, v. EMMA HENRIKSON, RESPONDENT.

No. 4585

April 29, 1963

380 P.2d 916

*Harry A. Busscher,* of Reno, for Appellants.

*Goldwater, Taber and Hill,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Glen Edward Brehm, a minor, was injured while driving a motor scooter which collided with a car being driven by Emma Henrikson. Brehm's guardian ad litem filed suit to recover damages. A jury found for the defendant Henrikson and judgment was entered on the verdict. Plaintiff-guardian appeals. Five errors are assigned.

*First:* Appellant contends that prejudicial error occurred when the trial court permitted defense counsel to argue the law and cite legal authority in the presence of the jury. The record shows that, during the direct examination of a defense witness, the objection of "no foundation" was made by plaintiff's counsel to a question calling for the witness' opinion as to the speed of the motor scooter just before the collision. During argument on the objection, defense counsel read from a legal text. The argument was addressed to the court, and not to the jury, though the latter was present. No request was made that the jury be excused during argument on the objection.

We reject the appellant's contention as incredible. The citation of authority to the court in support of the

respective contentions of counsel in arguing for or against the merit of an objection made is to be encouraged, not censured. The assistance of counsel is solicited by the courts and gratefully accepted. Had appellant's counsel believed that the arguments to occur on the objection he interposed should not be heard by the jurors, he should have asked the court to excuse them. He did not.

The reading of law *to the court* in the presence of the jury in arguing an objection made to evidence sought to be introduced during trial, is to be distinguished from the reading of law (other than instructions) *to the jury* during summation. In the latter instance, such conduct is sometimes deemed improper practice. Annot., 66 A.L.R.2d 9,[1] while, in the former, it is to be commended.

*Second:* Next the appellant argues that prejudicial error occurred when the trial court permitted a witness, over objection, to express her opinion as to the speed of the motor scooter immediately before the collision. The witness was 15 years old at the time of the accident. The competency of a nonexpert witness to testify as to the rate of speed of a moving vehicle is shown if such witness is of ordinary intelligence and has had an adequate opportunity to observe the vehicle at the time in question. 70 A.L.R. 540; 94 A.L.R. 1190; 156 A.L.R. 384; Southwestern Freight Lines v. Floyd, 58 Ariz. 249, 119 P.2d 120; Davis v. Lavenik, 178 Or. 90, 165 P.2d 277. Here the witness was shown to satisfy the competency requirement. She was of ordinary intelligence. She observed the motor scooter in motion for an estimated 15 or 20 seconds immediately before the collision. Her

---

[1]Cf. Mahan v. Hafen, 76 Nev. 220, 351 P.2d 617, where during summation counsel read a statute to the jury. The statute had been received in evidence during the trial. No objection was made when counsel read it during summation. Held: in the absence of objection, the claim of error would not be considered for the first time on appeal.

youth and the fact that she was not then licensed to drive are factors to be considered in assessing the weight to be accorded her testimony but do not, alone, preclude its admissibility.

*Third:* Over the objection of "immateriality" the same witness was permitted to relate that, some time *after* the accident, she had taken a drivers training course in high school. The trial court's ruling is urged to be reversible error. We agree with appellant that the witness' experience with cars, acquired some time *after* the accident, is not material or relevant to show either that she was of ordinary intelligence *at the time* of the accident or that, at said time, she had sufficient opportunity to observe the motor scooter to enable her to estimate its speed. However, the foundation requirements to establish her testimonial qualification in that regard were otherwise shown. Accordingly, the erroneous reception of such immaterial evidence, innocuous rather than inherently prejudicial in nature, is not a predicate for reversible error. Therefore, we deem the error harmless. NRCP 61.

*Fourth:* During cross examination of defendant the following happened:

"Q. Mrs. Henrikson, who took these photographs? A. I don't know.

"Q. Do you know when they were taken? A. No, I don't. I went up the next day with my insurance adjuster."

Defense counsel moved for a mistrial. Plaintiff's counsel responded by arguing that the mention made of insurance was a "volunteer answer" and harmless. The motion for mistrial was denied.

Had plaintiff won his case in the trial court, and had the defendant perfected an appeal assigning the court's ruling as error, we would have to decide whether or not the questions and answers quoted come within the rule

announced in Henry v. Baber, 75 Nev. 59, 334 P.2d 839.[2]
However, here the plaintiff lost his case and appealed.
The occurrence which he labeled "harmless" during trial
(presumably because he believed it was to his advantage
and to the defendant's prejudice), is now asserted as a
reason for granting him another trial. He may not "turn
about" and complain that the ruling he solicited during
trial was wrongfully made. He is not an "aggrieved
party" as to this claim of error, NRCP 72(a), and it is
patently without merit.

*Fifth:* The court instructed the jury, "You are
reminded that no insurance company is a party to this
action, and that whether or not any insurance is involved
has no bearing whatsoever on any issue that you must
decide in this case. Therefore, the oath that you took as
jurors requires that you refrain from any inference,
speculation or discussion about insurance." One of the
jurors submitted four written questions to the court,
one of them being, "Is there any insurance compen-
sation? (for the plaintiff)." The court told the juror
that he (the judge) was not permitted to answer the
questions, "except some of them will be, at least par-
tially, answered by the written instructions that I am
about to give you." The instruction above quoted, and
others, were then read.

The appellant does not object to the instruction. How-
ever, he does assert that the jury "considered insur-
ance," contrary to the mandate of the instruction. There
is nothing in the record to support his position. The
juror's question was posed before the jury instructions

[2]In Henry v. Baber, supra, it was held that if the question was
not deliberately asked with the intent to bring the fact of insurance
before the jury, and the answer was entirely unexpected and unso-
licited, it was not error to deny the defense motion for a mistrial.

In 1960 the legislature enacted NRS 41.490 relating specifically to
a motion for mistrial in a personal injury action occasioned by a
reference to the defendant's liability insurance. We need not discuss
the statute, but merely wish to call attention to it.

were read. The quoted instruction effectively answered the question. We may not presume that the jury ignored the instruction. This claim of error is without validity.

Affirmed.

BADT, C. J., and MCNAMEE, J., concur.