Norman T. Bradley *vs.* Philip Fessenden
(and a companion case[1]).

Essex.    May 6, 1965. — June 24, 1965.

Present: Wilkins, C.J., Spalding, Whittemore, Cutter, & Kirk, JJ.

*Practice, Civil,* New trial, Verdict.

The time of return of the verdicts in an action and a cross-action was the proper time to raise a question of inconsistency of the verdicts, and where that question was not raised at that time there was no abuse of discretion in denial of a motion for a new trial based on the alleged inconsistency.

Two actions of contract. Writs in the Superior Court dated February 21, 1962, and March 16, 1962, respectively.

The actions were tried together before *DeSaulnier, J.*

*F. Dale Vincent* for Philip Fessenden.

*Miles J. Schlichte* for Norman T. Bradley.

Wilkins, C.J.  These are two actions of contract which were tried together.  The first action is by a contractor against an owner of real estate and is in two counts. Count 1 is on an express contract to build a foundation for a house.  Count 2 is on a quantum meruit for the same work. The second action is by the owner against the contractor for breach of the express contract.  The jury found for the contractor on count 2 for quantum meruit and against him on count 1.  The jury found for the contractor in the cross-action.  The owner excepts to the denial of his motions for a new trial on the ground that the verdicts in the first action are inconsistent with each other and with the verdict in the cross-action.

This question should have been raised at the time the verdicts were returned. *Low Supply Co.* v. *Pappacostopoulous,* 283 Mass. 633, 635.  *Phillips* v. *Larson,* 323 Mass.

---

[1] The companion case is by the defendant in the first case against the plaintiff in the first case.

87, 91. As was said in *Feaver* v. *Railway Exp. Agency, Inc.* 324 Mass. 165, 169, "This would have brought the matter to the attention of the judge at a time when he could have taken the necessary steps to have the error, if there was one, corrected." To the same effect are *Appleby* v. *Wallins,* 336 Mass. 35, 37, and *E. F. Hodgson Co. Inc.* v. *Lisanti,* 339 Mass. 775, 776. To the extent that there may be any intimation to the contrary in *Lufkin* v. *Hitchcock,* 194 Mass. 231, 233, we do not follow it.

There was no abuse of discretion in the denial of the motions, and if there are other questions which the owner seeks to argue, they present no question of law for our consideration.

*Exceptions overruled.*