EBERHARD MANUFACTURING COMPANY, a Division of EASTERN COMPANY, a Corporation, Appellant, v. DANIEL CRAIG BALDWIN, a Minor Child, and ROBERT BALDWIN and SHARON BALDWIN, Guardians ad litem for DANIEL CRAIG BALDWIN, Respondents.

No. 10838

DANIEL CRAIG BALDWIN, a Minor Child, and ROBERT BALDWIN and SHARON BALDWIN, Guardians ad litem for DANIEL CRAIG BALDWIN, Appellants, v. PIEDMONT EQUIPMENT COMPANY, a Corporation, Respondent.

No. 10859

June 2, 1981                    628 P.2d 681

*Wiener, Goldwater & Waldman,* Las Vegas, for Appellant Eberhard Mfg. Co.

*Rose, Edwards, Hunt & Pearson,* Las Vegas, for Respondents-Appellants Baldwins.

*Paul C. Parraguirre,* Las Vegas, for Respondent Piedmont Equip. Co.

**OPINION**

By the Court, Manoukian, J.:

In this appeal, we are required to decide whether in assuming inconsistencies in the jury's verdicts, appellant Eberhard, nevertheless now has standing to challenge the same, and whether the trial court erred in its denial of appellants Baldwins' motion for judgment notwithstanding the verdict. In affirming, we conclude that irrespective of whether the verdicts were inconsistent, both appellants waived the right to claim verdict irregularity.

Appellant, Daniel Baldwin, age six, suffered severe personal injuries on January 25, 1972, when he came into contact with an open high voltage electrical fuse box. After a protracted trial, jury verdicts were entered in the sum of $806,000.00 against defendants Nevada Power Company, the owner of the box, on a theory of negligence, and against Eberhard Manufacturing Co., the designer and manufacturer of the locking mechanism for the fuse box door, on a theory of strict products liability. The jury also returned a verdict against Baldwin and in favor of Piedmont Equipment Company, one of Eberhard's distributors. Baldwin timely moved for Judgment Notwithstanding the Verdict, which was denied, as was Eberhard's Motion for a New Trial. Eberhard and Baldwin appeal. The remaining defendants have not appealed.

The trial court, in sustaining the jury verdicts found that there were "procedural reasons for denying defendants Eberhard and Kearney's motions." Even assuming the jury's verdicts are inconsistent as a matter of law, the court reasoned, the parties were under a duty to raise the objection before the jury was discharged so that any inconsistency or irregularity could have been corrected at that time, citing Bradley v. Fessenden, 208 N.E.2d 828 (Mass. 1965). We agree.

Had the parties timely entered objection when the verdicts were returned, the trial court could have determined the validity of the objections. If it found merit in them, the court could have further instructed the jury and sent it back for additional deliberation. *Cf.* Priest v. Cafferata, 57 Nev. 153, 157–58, 60 P.2d 220, 221 (1936) (plaintiff's failure to object promptly upon the jury's return to the courtroom constituted a waiver of misconduct as grounds for a new trial). Appellants Baldwins did submit alternative verdict forms which, if given, would have prevented the claimed inconsistent verdicts. They contend that by doing so, they raised sufficient objection to retain

standing to challenge the verdicts.[1] However, given the policy considerations favoring the correction of any such errors or irregularities at the trial level and prior to the discharge of the jury, and the analogous precedent of Priest v. Cafferata, *supra,* we conclude that Eberhard and the Baldwins waived the ground of an inconsistent verdict in support of their motions, as a result of their failure to timely object to the filing of the verdict or to move that the case be resubmitted to the jury. *See* Stucker v. Bibble, 442 S.W.2d 578 (Ky. 1969); Park v. Security Bank and Trust Co., 512 P.2d 113 (Okl. 1973); Smith v. Shreeve, 551 P.2d 1261 (Ut. 1976). An opposite result would be counter to our primary objective of the promotion and efficient administration of justice. *See* Marko v. Stop and Shop, Inc., 364 A.2d 217 (Conn. 1975); Barlow v. International Harvester Co., 522 P.2d 1102 (Idaho 1974); Bradley v. Fessenden, *supra.*

Eberhard's contention regarding its rejected jury instructions on the question of proximate cause is without merit, *see* Village Development Co. v. Filice, 90 Nev. 305, 314, 526 P.2d 83, 88 (1974), as is its contention that the jury verdicts were excessive. *See* Patton v. Henrikson, 79 Nev. 197, 202–03, 380 P.2d 916, 918–19 (1963).

We affirm.

GUNDERSON, C. J., and BATJER, SPRINGER, and MOWBRAY, JJ., concur.

---

[1] In our view, the fact that the Baldwins submitted alternative verdict forms is merely indicative of a pre-verdict awareness of potential irregularity which should have been objected to when the jury subsequently rendered its verdicts.