TOWN & COUNTRY ELECTRIC COMPANY, INC., and SEA GULL LIGHTING PRODUCTS, INC., Appellants, v. JOHANNA A. HAWKE, Respondent.

No. 15219

December 17, 1984                    692 P.2d 490

*Barker, Gillock & Perry,* Reno; *Fahrenkopf Mortimer Sourwine Mousel & Sloane,* Reno, for Appellants.

*Davenport & Perry,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order granting a new trial to respondent Hawke after a jury verdict in appellants' favor. For the reasons stated below, we reverse.

Respondent brought this action against appellants Town & Country Electric Company, Inc. and Sea Gull Lighting Products, Inc., to recover for injuries she suffered as a result of an accident in her apartment at the Alo Moana Apartments in Reno. Respondent had been residing in the apartment for only nine days when the glass diffuser portion of the kitchen light fixture fell, striking her on the head. After the accident, respondent's friend inspected the fixture. He noticed that there was no locknut in the apparatus

and that about one-half of the threaded pipe which formerly held the glass diffuser had been threaded up into the socket base on the ceiling. He also noticed that the lowest three or four threads of the pipe had been stripped.

Respondent's theory at trial was that the lack of a locknut in the apparatus had been a substantial cause of the light fixture's fall. She contended that the absence of the locknut was either the result of the negligence of Town and Country in installing the fixture, or of the marketing of a defective product by Sea Gull, or both. The jury heard testimony during trial on the function of a locknut as a safety device to prevent the threaded pipe from being screwed so far into the socket that there was insufficient pipe on which to attach the ornamental knob holding the diffuser in place. The jury also heard testimony, however, on the stripped condition of the threaded pipe.

The jury returned a general verdict finding neither defendant liable. On respondent's motion, the trial court granted a new trial against both. Appellants contend that this was error. We agree.

Respondent argues on appeal that the new trial is justified in light of the "(m)anifest disregard by the jury of the instructions of the court." NRCP 59(a)(5).[1] We have strictly construed this rule. "In determining the propriety of the granting of a new trial under NRCP 59(a)(5), the question is whether we are able to declare that, had the jurors properly applied the instructions of the court, it would have been impossible for them to reach the verdict which they reached." Weaver Brothers, Ltd. v. Misskelley, 98 Nev. 232, 234, 645 P.2d 438, 439 (1982); *see also* Groomes v. Fox, 96 Nev. 457, 611 P.2d 208 (1980); Price v. Sinnott, 85 Nev. 600, 460 P.2d 837 (1969).

The jury in this case was instructed, *inter alia,* on negligence, proximate cause and strict products liability. It was further instructed that the fact that there had been an accident did not necessarily mean that one of the defendants was liable. Given the testimony at trial, the jury need not have found either of the defendants liable. The jury may have concluded that the missing locknut was not the proximate cause of the accident, but rather that the stripped threads on the end of the pipe had caused the ornamental knob to be insecurely fastened. It may have inferred that this condition was caused by a previous tenant. The jury might also have concluded that the light fixture was not unreasonably dangerous as manufactured, or that the light was not negligently installed. We need not determine how the jury reached its conclusion that neither defendant was liable; we need only determine whether it was possible for the jury to do so. Since we have

---

[1]Respondent also claims that the verdict was against the weight of the evidence. This is not, however, a ground upon which a new trial may be granted. NRCP 59(a).

concluded that it was indeed possible for the jury to reach a defense verdict on the evidence in this case, the trial court erred by granting a new trial.

Accordingly, the order granting a new trial to respondent is reversed and the judgment in favor of appellants is reinstated.