M & R INVESTMENT CO., A NEVADA CORPORATION DBA DUNES HOTEL & COUNTRY CLUB, APPELLANT, v. BERNICE ANZALOTTI, RESPONDENT.

BERNICE ANZALOTTI, CROSS-APPELLANT, v. MONTGOMERY ELEVATOR COMPANY, A DELAWARE CORPORATION, CROSS-RESPONDENT.

No. 19053

May 18, 1989                                    773 P.2d 729

*Miles Pico & Mitchell* and *James R. Rosenberger,* Las Vegas, for Appellant.

---

[2]We also decline to decide appellants' other assignments of error.

*Galatz, Earl, Catalano & Smith,* Las Vegas, for Respondent and Cross-Appellant Bernice Anzalotti.

*Beckley, Singleton, DeLanoy, Jemison & List* and *Daniel F. Polsenberg,* Las Vegas, for Cross-Respondent Montgomery Elevator Company.

## OPINION

*Per Curiam:*

Bernice Anzalotti allegedly fell and injured her back when disembarking an elevator that failed to stop level with the adjoining floor. Bernice brought the underlying actions against M & R Investment Co. ("M & R") and Montgomery Elevator Company, seeking recovery for her injury. Bernice based her claim against M & R, the elevator owner, on a theory of negligence. She claimed that Montgomery, the elevator manufacturer/ maintenance contractor, was liable under theories of both negligence and strict products liability.

At the close of Bernice's evidence, the district court dismissed Bernice's products liability claim. At the conclusion of the trial, the jury returned verdicts for both defendants on Bernice's negligence claims. Bernice then moved for a new trial on her negligence claims against both defendants on grounds that the jury could not have reached defense verdicts without disregarding the jury instructions. *See* NRCP 59(a)(5). The district court granted the motion on the claim against M & R, but denied it on the claim against Montgomery. M & R now appeals from that part of the court's order granting a new trial; Bernice appeals from the part

of the order denying her motion for new trial against Montgomery and the order dismissing her products liability claim.

The question before us when we are "determining the propriety of the granting of a new trial under NRCP 59(a)(5) is whether we are able to declare that, had the jurors properly applied the instructions of the court, it would have been impossible for them to reach the verdict which they reached." Weaver Brothers, Ltd. v. Misskelly, 98 Nev. 232, 234, 645 P.2d 438, 439 (1982). *See also* Town and Country Electric v. Hawke, 100 Nev. 701, 692 P.2d 490 (1984). We conclude that in light of this standard, the district court erred in granting Bernice's motion for a new trial against M & R.

The district court correctly instructed the jury that an elevator owner "owes a higher degree of care in performing the function of transporting people from one floor to another." *See* Smith v. Odd Fellows Building Assoc., 46 Nev. 48, 205 P. 796 (1922). The court also properly instructed the jury that it must presume that both M & R and Montgomery were negligent if the condition of the elevator violated a safety code and the violation caused the injury. *See* American National Standards Institute, safety code for elevators and escalators: an American national standard A17.1 (1978). However, the jury had to apply the presumption or consider the standard of care in these two instructions only if it believed that Bernice fell from a malfunctioning elevator, *and* the fall caused her back injury.

Because Bernice's recountings of the elevator incident were fraught with inconsistencies and because she had a pre-existing history of lower back problems, it is not "impossible" that the jury disbelieved her testimony concerning the malfunction, the fall, and/or the cause of her injury. Thus, it was not "impossible" for the jury to properly return defense verdicts notwithstanding the two instructions.[1]

"We need not determine how the jury reached its conclusion that neither defendant was liable; we need only determine whether it was possible for the jury to do so." *Town and Country Electric,* 100 Nev. at 702. Having determined that the evidence and the jury instructions permitted a possible verdict for M & R, we conclude that the district court's partial grant of Bernice's new trial motion was erroneous.

For the same reasons the district court erred in granting a new trial on the claims against M & R, the court was correct in

---

[1] It is also possible that the jury concluded Bernice's own negligence contributed more to her injury than the negligence of either defendant. *See* NRS 41.141(2)(a).

denying Bernice's motion for new trial against Montgomery. The evidence and the instructions permitted the jury to find that no negligence on the part of Montgomery caused Bernice's back injuries.

We also conclude that the district court correctly dismissed Bernice's products liability claim against Montgomery pursuant to NRCP 41(b). The uncontradicted testimony of Bernice's own expert witness established that the elevator was properly designed, manufactured, and installed. Bernice, therefore, failed to make a *prima facie* showing that her injury was caused by a defect in the product which existed when the product left the hands of the manufacturer. *See* Griffin v. Rockwell International, Inc., 96 Nev. 910, 911, 620 P.2d 862, 863 (1980).

For the foregoing reasons, we reverse the lower court's grant of a new trial against M & R Investment and affirm the court's rulings regarding Montgomery Elevator.