STEPHEN BRASCIA, Appellant, *v.* CHRISTINA JOHNSON, Respondent.

No. 19388

November 2, 1989 781 P.2d 765

*Beckley, Singleton, DeLanoy, Jemison & List* and *Daniel F. Polsenberg,* Las Vegas, for Appellant.

*Phillips, Kelley & Howard,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order granting a new trial based upon the trial judge's view that the jury did not follow the court's instructions. We hold that a finding that the first driver was negligent is within the jury's prerogative.

### Facts

On March 19, 1986, respondent Christina Johnson was on Tonopah Drive at the intersection with Rancho Drive in Las Vegas. There was a stop sign where traffic on Tonopah merged with traffic on Rancho at a sharp angle. A line of cars waited on Tonopah to merge onto Rancho, and appellant Stephen Brascia was immediately behind Johnson in that line.

Johnson stopped at the stop sign and then started onto Rancho Drive. Brascia also stopped and looked to the left for oncoming traffic. He began to roll forward, still looking to the left and not knowing that Johnson had stopped again. He "just tapped her."[1]

---

[1]The testimony of the parties concerning what happened at the intersection conflicted. While Brascia claimed that Johnson stopped, moved forward and then stopped again, Johnson testified that she simply stopped at the stop sign and was rear-ended by Brascia before she could move forward. Since the evidence conflicts concerning exactly what happened, this court must view the evidence in a light most consistent with the jury verdict. *See* M&R Investment Co. v. Mandarino, 103 Nev. 711, 716, 748 P.2d 488, 491 (1987)

The jury returned two general verdict forms and special interrogatories. One general verdict form stated that the jury found in favor of Johnson and found her damages to be $10,000.00. The other general verdict form stated that the jury found in favor of Brascia. Finally, the special interrogatories assigned fifty percent of the fault for the accident to each of the parties. With the apparently inconsistent verdicts, the district court inquired of the jury and had the jury confirm that it was the jury's intent to find each party negligent and to attribute fifty percent of the fault to each party. Brascia objected but withdrew his objection when it became apparent that the court had ascertained the jury's true intent. Johnson did not object to the jury verdict or seek further clarification.

 ■

Brascia moved for costs and attorney's fees, while Johnson moved for judgment notwithstanding the verdict, additur and, in the alternative, a new trial. The district court granted a new trial because the jury's finding of negligence on Johnson's part struck the court as "absurd" and because the jury did not, in the trial court's opinion, follow the instructions of the court. Brascia now appeals.

## Discussion

### The Order Granting a New Trial

 ■

NRCP 59(a) specifies the grounds upon which a court may grant a new trial. One of these grounds is manifest disregard by the jury of the court's instructions. We have held that this basis for granting a new trial may only be used if the jury, as a matter of law, could not have reached the conclusion that it reached. *See* Fox v. Cusick, 91 Nev. 218, 220, 533 P.2d 466, 468 (1975). This standard follows logically from the 1964 amendment of NRCP 59 which eliminated "insufficiency of the evidence" as a ground for granting a new trial. Thus, since the amendment, a court may not substitute its own judgment in place of the jury's judgment unless the jury erred as a matter of law. This precludes the court from granting a new trial if the question only concerns the weight of the evidence. *Id.* If Johnson was not free of negligence as a matter of law, we must reverse and reinstate the jury verdict.

---

(citing Hernandez v. City of Salt Lake, 100 Nev. 504, 507, 686 P.2d 251, 252-253 (1984)). With this in mind, we must assume that the jury concluded that Johnson stopped at the stop sign, started into traffic, and then stopped again when Brascia hit her from behind because that scenario is most consistent with the jury's finding that Johnson was fifty percent negligent.

Johnson suggests that public policy dictates that she was not negligent as a matter of law. She states that the best policy is to allow a driver to stop as many times as needed before entering another street. *See* Massingille v. Meredith, 408 S.W.2d 209 (Ky. 1966). While this proffered public policy would be advanced by holding that Johnson was not negligent in this case, it contradicts our stated policy that issues of negligence are properly resolved by a jury. *See* Nehls v. Leonard, 97 Nev. 325, 630 P.2d 258 (1981). In *Nehls,* the plaintiff approached an intersection that was controlled by a traffic light. The right turn lane, however, was not controlled by the traffic light and led onto a separate new lane on the intersecting street, making it unnecessary for the vehicle turning right to merge into traffic. The plaintiff proceeded to make the right turn, followed by the defendant. The plaintiff stopped in the right turn lane, as did the defendant. They both proceeded into the separate lane on the intersecting street, but the plaintiff stopped again. The defendant was unable to stop in time and rear-ended the plaintiff.

The district court granted summary judgment to the plaintiff stating that the defendant's negligence alone had caused the accident. On appeal, we reversed stating that there remained triable issues of fact concerning the plaintiff's possible negligence in stopping. "At a trial, the evidence may persuade the jury that respondent Leonard stopped suddenly and without adequate warning, that the stop unnecessarily exposed appellant to unreasonable risk, and that the stop constituted a substantial factor in causing the collision in which appellant sustained injuries." *Id.* at 328, 630 P.2d at 260.

While there are some differences between *Nehls* and the present case, the most notable being that the *Nehls* accident did not occur while the parties were proceeding through the controlled part of an intersection and merging into other traffic, the *Nehls* decision accurately reflects Nevada's policy that these types of issues concerning negligence should be left to the jury: "In Nevada, issues of negligence and proximate cause are considered issues of fact and not of law, and thus they are for the jury to resolve." *Id.*

This state's policy is to send issues of negligence like the one presented by this case to the jury. The jury determined that both Brascia and Johnson were negligent, and that determination came in the valid exercise of the jury's fact-finding power. Thus, we

cannot conclude that Johnson was free of negligence as a matter of law and therefore reverse the order granting the new trial.[2]

## The "Sudden Emergency" Jury Instruction

Even though the district court based its grant of a new trial solely on the jury's failure to follow the instructions, Johnson now suggests that the grant of a new trial was justified because the court erroneously instructed the jury on the sudden emergency doctrine.[3] Johnson argued this point as one of the grounds for a new trial, and this court may uphold the grant of a new trial even if it is justified on different grounds than the district court found. Thus, Johnson has effectively preserved this issue for appeal.

Johnson's argument is that there was no evidence to support a finding of a sudden emergency and that giving this instruction resulted in the jury's ability to absolve Brascia of negligence when there was no sudden emergency. We note, however, that any error in giving the instruction was harmless because the jury found Brascia negligent and, thus, did not apply the sudden emergency doctrine. NRCP 61 (error not affecting substantial rights must be disregarded). The jury's job was to determine who was negligent and then, if both parties were negligent, to decide the percentage of the damages caused by each party's negligence. Since the sudden emergency jury instruction provided that the jury could find that Brascia was not negligent and the jury found that Brascia was negligent, the jury apparently found that the sudden emergency doctrine did not apply. Thus, any possible error was harmless.

## The Denial of Costs and Attorney's Fees

---

[2]Johnson also argues that the jury may not have actually found that both parties were negligent because of the inconsistent verdict forms that it signed. The district court, however, correctly pointed out that Johnson had not preserved that issue because she did not bring it up until after the jury had been discharged. That failure to object while the jury was still available and able to clarify its verdict constituted a waiver. Scott v. Chapman, 71 Nev. 329, 291 P.2d 422 (1955).

[3]Jury instruction 18A provided as follows:

A person confronted with a sudden emergency which he does not create, who acts according to his best judgment or, because of insufficient time to form a judgment, fails to act in the most judicious manner, is not guilty of negligence if he exercises the care of a reasonably prudent person in like circumstances.

Finally, Brascia contends that the district court erred by failing to award costs and attorney's fees. At the close of the jury trial, Brascia made a motion for costs and attorney's fees under NRCP 68 because he had made offers to settle. At the consolidated hearing on this motion and Johnson's motion for a new trial, the district court granted the new trial and ruled that the motion for costs and fees was "defaulted." Brascia now contends that, if the order granting a new trial is reversed, he should be entitled to costs and attorney's fees. However, the court took no action that this court can review. *See* NRAP 3A (specifying the only actions of the district court that a party may appeal). The court did not deny the motion for costs and fees; it said that the motion was "defaulted." In addition, in its written order, the district court granted the motion for a new trial and did not mention the motion for costs and fees. The motion, at least in part, is subject to the discretion of the district court, and the district court simply did not exercise its discretion here. *See* Beattie v. Thomas, 99 Nev. 579, 668 P.2d 268 (1983). Thus, the case must be remanded for action by the district court concerning Brascia's motion for costs and fees.

## Conclusion

The district court improperly granted a new trial after the jury had reached a verdict that Johnson and Brascia were each fifty percent negligent. Therefore, we reverse and remand this action to the district court for entry of judgment in accordance with the jury verdict and for a ruling by the district court on Brascia's motion for costs and attorney's fees.