KATHERYN L. CARLSON, Appellant, v. BATTISTA ANTONIO LOCATELLI, BATTISTA'S HOLE IN THE WALL, INC., and BATTISTA'S RESTAURANT, Respondents.

No. 23233

March 24, 1993          849 P.2d 313

*Elwin C. Leavitt,* Las Vegas, for Appellant.

*Pat J. Fitzgibbons,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant Katheryn Carlson (Carlson) brought suit against respondent Battista Antonio Locatelli (Locatelli) for personal injuries sustained on Locatelli's premises. At the conclusion of the trial, the district court sent the jury into the deliberating room with a general verdict, calling for total damages, and a special verdict, calling for an apportionment of comparative negligence. The jury returned after completing only the general verdict form, which awarded Carlson $160,000.00. The district court's oral examination of the jury foreman revealed that the jury determined the parties' comparative negligence, Carlson's total damages, and Carlson's net recovery, and the jury entered Carlson's net recovery on the general verdict form, which called for total damages without reduction for contributory negligence. The district court ordered a new trial. Because the verdict of the jury is clear from the statements of the foreman, we reverse the order granting a new trial and remand to the district court with instructions to reinstate the jury verdict with a net recovery of $160,000.00.

### Facts

Carlson brought suit against Locatelli for personal injuries sustained when she slipped and fell at a restaurant owned by Locatelli. The first trial resulted in a mistrial because the jury, which found Locatelli liable, failed to reach a verdict as to damages. At the conclusion of the second trial, the jury was sent into the deliberating room with, among other things, a general verdict form, a special verdict form, and a copy of Jury Instruction No. 4.[1] The general verdict form instructed the jury to

---

[1]Jury Instruction No. 4 stated:

> The plaintiff may not recover damages if her contributory negligence has contributed more to her injury than the negligence of the defendants. However, if the plaintiff is negligent, the plaintiff may still recover a reduced sum so long as her contributory negligence was not greater than the negligence of the defendants.
>
> If you determine that the plaintiff is entitled to recover, you shall return by general verdict the total amount of damages sustained by the

determine Carlson's total damages, without reduction for any contributory negligence by Carlson. The special verdict form instructed the jury to determine the comparative negligence of both Carlson and Locatelli. The jury returned the general verdict form, awarding Carlson $160,000.00 in damages, but failed to complete the special verdict form.

The district court inquired of the jury foreman as to why the jury did not complete the special verdict form. The foreman stated it was merely an oversight, that the jury had calculated relative fault, and that the sum appearing on the general verdict form was the bottom line result after all of the jury's calculations, including reduction of the award according to Carlson's percentage of negligence. The district court directed the jury to return to the deliberating room with the special verdict form, while the district court retained the general verdict. The jury returned a special verdict allocating ten percent negligence to Carlson and ninety percent negligence to Locatelli.

Locatelli filed a motion for declaration of mistrial and for a new trial. The district court granted Locatelli's motion for declaration of mistrial, concluding the jury did not understand the instructions accompanying the special verdict and did not follow them. The district court did not purport to rule on the motion for a new trial.

## Discussion

### Jurisdiction

Locatelli challenges this court's jurisdiction to hear an appeal from the district court's "Order for Declaration of Mistrial," since an order declaring a mistrial is not generally appealable. *See* Esneault v. Waterman Steamship Corp., 449 F.2d 1296, 1297 (5th Cir. 1971); In re Estate of Bartholomae, 68 Cal.Rptr. 332, 333-34 (Cal.Ct.App. 1968); *see also* 15B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3915.1 (1992) ("[o]rders granting a mistrial . . . are not final" and therefore not appealable); 9 B.E. Witkin, California Procedure, Appeal § 87 (3rd ed. 1985) (order granting a mistrial is not appealable); 4 Cal.Jur.3d *Appellate Review* § 30 (1973) ("an order granting a mistrial is not appealable, while an order granting a new trial is").

---

plaintiff and you shall return a special verdict indicating the percentage of negligence attributable to each party.

The percentage of negligence attributable to the plaintiff shall reduce the amount of such recovery by the proportionate amount of such negligence and the reduction will be made by the Court.

An order declaring a mistrial and an order granting a new trial differ not only in their appealability but in their very nature. As stated in 58 Am.Jr.2d *New Trial* § 10 (2d ed. 1989):

> A mistrial and a new trial are not the same thing in name or in effect. Generally, a new trial contemplates that a case has been tried and a verdict or judgment rendered, and by motion set aside; a mistrial contemplates some error that prevents the jury from returning a verdict or the court from entering judgment. A mistrial is equivalent to no trial; it is a nugatory proceeding. A new trial, by contrast, proceeds upon the assumption that there has been a complete trial which for sufficient reasons has been set aside with a view to a trial of the issues de novo. Granting a mistrial is generally inappropriate after the jury returns a verdict, although such an action might be considered by an appellate court to be equivalent to an order setting aside the verdicts and ordering a new trial.

(Footnotes omitted); *see* Vilander v. Hawkinson, 326 P.2d 273, 276 (Kan. 1958); *see also* Long v. City of Opelika, 66 So.2d 126, 129 (Ala.Ct.App.), *cert. denied,* 66 So.2d 130 (Ala. 1953); State v. Culbertson, 522 P.2d 391, 393 (Kan. 1974); State v. Nelson, 338 P.2d 301, 308 (N.M. 1959), *cert. denied,* Nelson v. New Mexico, 301 U.S. 877 (1959). *But see* Gray v. Gardiner, 375 P.2d 562, 564 (Ariz. 1962) (declaration of mistrial is proper until judgment is rendered on the verdict).

Although captioned an order declaring a mistrial, the district court's order was clearly one granting a new trial. When the order was issued, both verdicts had been returned and the trial had been concluded. The order was also issued subsequent to a motion and hearing following the conclusion of the trial. Since an order granting or refusing a new trial is appealable under NRAP 3A(b)(2), we have jurisdiction over this appeal.

### Disregard by the Jury of the Court's Instructions

Carlson contends the district court erred in declaring a new trial. A new trial may be granted when the jury manifestly disregards the court's instructions. NRCP 59(a);[2] Brascia v.

---

[2]NRCP 59(a) states, in pertinent part:

> A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds materially affecting the substantial rights of an aggrieved party: (1) Irregularity in the proceedings of the court, jury, master, or adverse party, or any

Johnson, 105 Nev. 592, 594, 781 P.2d 765, 767 (1989); Weaver Brothers, Ltd. v. Misskelley, 98 Nev. 232, 234, 645 P.2d 438, 439 (1982); Taylor v. Silva, 96 Nev. 738, 740, 615 P.2d 970, 971 (1980). "[T]his basis for granting a new trial may only be used if the jury, as a matter of law, could not have reached the conclusion that it reached." *Brascia,* 105 Nev. at 594, 781 P.2d at 767; *see* M & R Investment Co. v. Mandarino, 103 Nev. 711, 716, 748 P.2d 488, 491 (1987); Van Duzer v. Shoshone Coca Cola, 103 Nev. 383, 384-85, 741 P.2d 811, 813 (1987); Town & Country Electric v. Hawke, 100 Nev. 701, 702, 692 P.2d 490, 491 (1984).

We find no evidence that the jury in the instant case manifestly disregarded Jury Instruction No. 4. On the contrary, the record on appeal reveals substantial compliance with the jury instruction. The general verdict form returned by the jury stated, "We, the jury, duly impaneled in the above-entitled case, find for the Plaintiff and against the Defendants and, *without reduction* for Plaintiff's comparative negligence, if any, assess the Plaintiff's damages at *$160,000,"* with the sum of 160,000 being handwritten. (Emphasis added.)

As the district court was preparing to dismiss the jury, the court realized the special verdict form had not been completed, and the court inquired of the foreman of the jury as to why the special verdict form was left blank. The foreman indicated that the jury believed only the general verdict needed to be completed and that it was "merely an oversight" that the special verdict was not completed. The foreman stated that the jury did find the percentage of negligence attributable to each party. The foreman also stated that the figure placed on the general verdict form was the "sum total of [the jury's] calculations" and "the end result of the calculation." The foreman told the district court that the jury determined the percentage of negligence attributable to both parties, ascertained a total dollar figure, and "after that, according to our computations, derived the bottom line number." When the district court asked the jury to return to the deliberating room to complete the special verdict, the foreman stated that the jury would follow the court's wishes, but that "the bottom line figure wouldn't change."

The jury returned with a special verdict assessing Carlson's negligence at ten percent and Locatelli's at ninety percent. Upon

order of the court, or master, or abuse of discretion by which either party was prevented from having a fair trial; (2) Misconduct of the jury or prevailing party; . . . (5) *Manifest disregard by the jury of the instructions of the court.*

(Emphasis added.)

262

returning, the jury indicated they had followed the instructions of Jury Instruction No. 4 in completing the special verdict form and apportioning the comparative negligence. When polled, each juror who voted to find Locatelli liable responded that the special verdict accurately reflected his or her apportionment of negligence between the parties.

We find from the jury foreman's statements that the jury clearly entered on the general verdict form Carlson's net recovery rather than Carlson's total damages calculated before reduction for contributory negligence. While the general verdict form called for damages without reduction for the plaintiff's contributory negligence, the jury articulated the method it used in deriving the figure written on the general verdict form, and this method, which included apportioning relative negligence between the parties and assessing the plaintiff's total damages, comported with the method set forth in Jury Instruction No. 4. Although the jury went one step further and calculated Carlson's net recovery, the jury also clearly explained its actions to the district court. Contrary to the findings of the district court, the jury clearly understood Jury Instruction No. 4 and properly determined the relative negligence of the parties and the total damages suffered by Carlson. We find no evidence in the record that the jury manifestly disregarded Jury Instruction No. 4.

Once the foreman of the jury realized the jury's mistake in making the final calculation and determining Carlson's net recovery, the foreman indicated he would need to change the amount written on the general verdict to reflect the total damages found by the jury before Carlson's negligence was taken into account. The district court refused to return to the jury the general verdict and sent them back into deliberations with only the special verdict. The district court should have returned both the general and special verdicts to the jury so that the jury could enter an amount on the general verdict form which did not take into account Carlson's contributory negligence. In Amoroso Constr. v. Lazovich and Lazovich, 107 Nev. 294, 810 P.2d 775 (1991), *reh'g granted in part,* we stated that a defect in a jury award may be cured by returning the verdict to the jury for further consideration. *Id.* at 297-98, 810 P.2d at 777-78 (citing Novack v. Hoppin, 77 Nev. 33, 44, 359 P.2d 390, 395 (1961)); *see* Eberhard Mfg. Co. v. Baldwin, 97 Nev. 271, 272, 628 P.2d 681, 682 (1981) (a court may inform a jury why its verdict is defective and send the jury back for additional deliberation). We further intimated the desirability of clarifying the verdict immediately, as "the time to determine whether a verdict is inconsistent with

Nevada law is before the court dismisses the jury." *Amoroso Constr.,* 107 Nev. at 298, 810 P.2d at 778; *see Eberhard Mfg. Co.,* 97 Nev. at 273, 628 P.2d at 682 (policy considerations favor the correction of any errors or irregularities in a verdict at the trial level, prior to the discharge of the jury). In fact, where a jury returns an inconsistent verdict, it is "incumbent" upon the trial court to attempt to clarify the verdict, and such an effort to determine what the jury intended by its verdict generally will not impermissibly delve into the mental processes of the jury in reaching the verdict. *Amoroso Constr.,* 107 Nev. at 298, 810 P.2d at 778. Where possible, the verdict should be salvaged so that no new trial is required. *See id.; see also* Brascia v. Johnson, 105 Nev. 592, 596 n.2, 781 P.2d 765, 768 n.2 (1989) (where inconsistent verdicts are returned, party must challenge the verdicts before the jury is discharged and "failure to object while the jury [is] still available and able to clarify its verdict constitute[s] a waiver").

The district court in this case erred in granting a new trial because the jury did not manifestly disregard Jury Instruction No. 4. The district court also erred in failing to make a more concerted effort to save the jury's verdict prior to dismissing the jury. Where we can save a jury verdict by making a simple calculation, we will. The statements of the jury foreman clearly indicate the figure of $160,000.00 on the general verdict form represents the jury's computation of Carlson's net recovery, taking into account Carlson's contributory negligence. By extrapolation, using the jury's determination that Carlson was ten percent responsible for her injuries and Locatelli was ninety percent responsible, we find the jury awarded Carlson $177,777.77 in total damages. While this is an unusual figure, we have no reason to doubt that the jury made all appropriate and necessary calculations.

We have carefully considered Carlson's other contentions of error, and we find them to be without merit. Accordingly, we reverse the district court's order granting a new trial and remand this case to the district court with instructions to reinstate the jury verdict with a net recovery of $160,000.00 and to enter judgment accordingly.[3]

---

[3]THE HONORABLE MIRIAM SHEARING, Justice, did not participate in the decision of this appeal.