# IN THE SUPREME COURT OF THE STATE OF NEVADA

GEORGE WILCOX, AN INDIVIDUAL,
Appellant,
vs.
BERNITA LUJAN, AS PERSONAL
REPRESENTATIVE OF JOSEPH N.
BORSTNER, DECEASED,
Respondent.

No. 74474

FILED

SEP 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an amended judgment in a personal injury action. Eighth Judicial District Court, Clark County; Nancy A. Becker, Senior Judge, and Linda Marie Bell, Judge.[1]

Appellant George Wilcox filed a personal injury action against Joseph Borstner after a motor vehicle accident. The district court entered a directed verdict in favor of Wilcox on liability, but the jury did not award Wilcox any damages.

Wilcox first challenges the district court's rulings admitting testimony and evidence of his motor vehicle accidents that occurred both before and after the accident at issue in this case. The district court instructed the jury to only consider the evidence for the limited purpose of determining Wilcox's credibility. We conclude that the district court did not abuse its discretion because the evidence was relevant to Wilcox's credibility regarding his testimony that he was not injured in those accidents. *See M.C. Multi-Family Dev., LLC v. Crestdale Assocs.* 124 Nev. 901, 913, 193 P.3d 536, 544 (2008) (reviewing a district court's evidentiary decisions for

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-38154

an abuse of discretion). For this same reason, we reject Wilcox's argument that the evidence of the other accidents constituted inadmissible collateral evidence under *Jezdik v. State*, 121 Nev. 129, 136-37, 110 P.3d 1058, 1063 (2005) (providing that evidence is collateral and therefore inadmissible only if it lacks a direct connection to an issue in dispute). And Wilcox waived any challenge to the admission of photographs from his 2012 accident by not objecting to their admission below once his foundational objection was resolved. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (providing that an argument not raised in the district court is "waived and will not be considered on appeal").

Second, Wilcox claims the district court abused its discretion when it denied his motion for a mistrial based on a witness twice referring to an accident report the court had excluded. We conclude that referring to the report's existence while not disclosing its contents does not give rise to "a reasonable indication that prejudice may have occurred," *Born v. Eisenman*, 114 Nev. 854, 862, 962 P.2d 1227, 1232 (1998), especially when the district court gave an admonishment immediately after the testimony. The district court therefore did not abuse its discretion in denying the motion for mistrial. *See Romo v. Keplinger*, 115 Nev. 94, 96, 978 P.2d 964, 966 (1999) (reviewing a decision on a motion for mistrial for an abuse of discretion).

Third, Wilcox argues that the district court abused its discretion in denying his motion for a new trial based on the jury's purported disregard of the court's instructions as evidenced by its failure to award damages for pain and suffering. We conclude that the district court did not so abuse its discretion. *See Langdon v. Matamoros*, 121 Nev. 142, 143, 111 P.3d 1077, 1078 (2005) (reviewing a decision on a motion for a new

trial for an abuse of discretion). Although multiple witnesses testified that the accident at issue in this case caused Wilcox to suffer pain, the jury was also presented evidence related to Wilcox's other accidents, and it is for the jury to determine what weight and credibility to give the conflicting evidence. *See Ford Motor Co. v. Trejo*, 133 Nev. 520, 531, 402 P.3d 649, 657 (2017). We therefore cannot say that the jury ignored the court's instructions. *See M&R Inv. Co. v. Anzalotti*, 105 Nev. 224, 226, 773 P.2d 729, 730 (1989) (providing that a new trial is only warranted where it would have been impossible for the jury to reach its verdict had it properly applied the court's instructions).[2]

Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.
Stiglich

_____, Sr. J.
Douglas

cc: Chief Judge, Eighth Judicial District Court
Hon. Nancy A. Becker, Senior Judge
Persi J. Mishel, Settlement Judge
Law Offices of Steven M. Burris, LLC
Messner Reeves LLP
Eighth District Court Clerk

---

[2]The recent amendment to NRCP 59(a) does not impact our analysis.

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A